# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| SOUTHERN TANK LEASING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0039-WS-N |
| | ) |
| K & M EXPRESS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (doc. 4). The Motion has been briefed and is now ripe.

**I.  Background.**

Plaintiff, Southern Tank Leasing, Inc., brought this action in the Circuit Court of Marengo County, Alabama, against defendants, K & M Express, Inc. and Robin H. Burrow. In the two-page Complaint (doc. 1-2), Southern Tank alleges that it entered into a Master Lease Agreement (the "Agreement") with K & M, pursuant to which K & M leased tank trailers from Southern Tank. The Complaint further alleges that defendant Burrow executed a Personal Guaranty in Southern Tank's favor to guarantee full payment of all amounts owed by K & M under the Agreement. According to the Complaint, K & M breached the Agreement by failing to pay for repair costs, labor and equipment (namely, tank trailer tires), and Burrow breached the Guaranty by failing to pay K & M's debts as promised. On that basis, Southern Tank asserts a claim against K & M for breach of the Agreement, and a claim against Burrow for breach of the Guaranty. For each claim, the Complaint includes an *ad damnum* clause, stating that Southern Tank demands judgment in the amount of $74,500. The Count Two clause further states that Southern Tank demands "specifically less than Seventy-Five Thousand and No/100s ($75,000.00) Dollars."

Defendants timely removed this action to this District Court on January 30, 2019. (*See* doc. 1.) In their Notice of Removal, defendants indicated that federal jurisdiction is proper pursuant to the diversity provisions of 28 U.S.C. § 1332. In that regard, defendants showed that

Southern Tank is an Alabama citizen for diversity purposes, and that both K & M and Burrow are Arkansas citizens for diversity purposes. As to amount in controversy, the Notice of Removal stated that notwithstanding the demands specified in the Complaint, "the amount in controversy well exceeds $75,000" (doc. 1, ¶ 7), as reflected by a collection of invoices that Southern Tank sent to K & M on September 11, 2018, reflecting a total invoice balance of $126,231.05. (Doc. 1, Exh. 6, at 47.)

Plaintiff has now filed a Motion to Remand for lack of subject matter jurisdiction, arguing that the necessary amount-in-controversy threshold is not satisfied. In support of that Motion, Southern Tank has filed the Affidavit of Daniel C. Duke, who avers that as an authorized representative of Southern Tank, he "stipulates to this Honorable Court that said amount claimed is less than Seventy-Four Thousand Five and No/100s ($74,500.00) Dollars." (Doc. 4-1.) In the course of briefing the Motion to Remand, plaintiff's counsel has repeatedly "relay[ed] to this Court as an officer of this Court that the amount in controversy is less than Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars." (Doc. 17, at 2.)

**II.     Analysis.**

"For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). As the parties invoking federal jurisdiction, K & M and Burrow bear the burden of satisfying the requirements of § 1332, including the requisite amount in controversy, by a preponderance of the evidence. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). To meet this burden, the removing defendants are "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, the necessary jurisdictional showing is either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

Here, it is not facially apparent from the Complaint that the amount in controversy exceeds the sum of $75,000; to the contrary, Southern Tank has taken pains to plead its breach-

of-contract claims in a manner demanding judgment only in the amount of $74,500. Accordingly, defendants must resort to the "additional evidence" prong to establish the jurisdictional amount in controversy. In this regard, defendants point to (i) invoices and statements showing that Southern Tank originally sought payment from K & M of $126,231.05; and (ii) pre-litigation settlement negotiations, including Southern Tank's "last and final offer" of $80,000.

The Court finds this evidence insufficient to carry Southern Tank's burden of establishing subject matter jurisdiction.[1] As an initial matter, it is a bedrock principle that "plaintiffs are the master of the complaint and are free to avoid federal jurisdiction." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (citation and internal quotation marks omitted). "As a general proposition, if plaintiff wants to cap its damages recovery at an amount below that which the pleadings might otherwise support, it is plaintiff's prerogative to do so." *Land Clearing Co. v. Navistar, Inc.*, 2012 WL 206171, *5 (S.D. Ala. Jan. 24, 2012) (citations omitted). By stating in its Complaint that it demands judgment only in the amount of $74,500 and further averring via the Duke Affidavit that it is stipulating to an amount claimed of less than $74,500, Southern Tank appears to be attempting to cap its recovery in this manner, notwithstanding defendants' showing that the evidence could plausibly support a higher damages award. If Southern Tank wishes to claim less than it might otherwise be entitled to receive, it has the right to do so.

---

[1] To be clear, the Court does not endorse plaintiff's argument that the amount in controversy is "zero" because "Defendants submit to the Court that they owe <u>nothing</u> to the Plaintiff." (Doc. 4, at 1.) Whether defendants contend they have meritorious defenses to Southern Tank's claims is of no consequence for the § 1332 amount-in-controversy analysis. Indeed, "the pertinent question at the jurisdictional stage is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1318 (11th Cir. 2014) (citations and internal parentheses omitted); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("The amount in controversy is not a prospective assessment of a defendant's liability.... Rather, it is the amount at stake in the underlying litigation.") (citations and internal marks omitted); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.") (citations and internal quotation marks omitted); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("The required demonstration concerns what the plaintiff is claiming ..., not whether the plaintiff is likely to win or be awarded everything he seeks.") (citations and internal quotation marks omitted).

In response, defendants correctly observe that Alabama law does not confine a plaintiff's potential recovery to the amount demanded in the pleadings; rather, a jury may award more if it sees fit to do so. *See, e.g., General Motors Acceptance Corp. v. Covington*, 586 So.2d 178, 183 (Ala. 1991) ("an amount of recovery requested in the pleadings does not prohibit the jury from awarding the plaintiff what it views as an appropriate award based on the facts and evidence presented"). Because Southern Tank has not definitively pleaded or stipulated that it will not accept an award greater than $75,000, defendants argue, the amount in controversy is not limited to the $74,500 figure recited in the Complaint and the Duke Affidavit, particularly given that invoices submitted by Southern Tank prior to litigation might support a higher damages award.[2]

Southern Tank counters this argument with clear representations of counsel. In litigating the Motion to Remand, plaintiff's counsel unambiguously represents to this Court that (i) "the total debt claimed by the Plaintiff and against the Defendants does not equal or exceed Seventy-Five Thousand and No/100s ($75,000.00) Dollars" (doc. 4, at 2); and (ii) "Plaintiff again relays to this Court as an officer of this Court that the amount in controversy is less than Seventy-Four Thousand Five Hundred and No/100s ($74,500.00) Dollars" (doc. 17, at 2). In the absence of some reason to discredit such statements, courts in the Eleventh Circuit generally defer to these sorts of valuation representations by plaintiffs' attorneys in the § 1332 jurisdictional analysis. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case.").[3]

---

[2] Of course, Southern Tank's failure to phrase its stipulation in the manner that defendants believe would be most definitive is not, in itself, sufficient proof that the amount in controversy exceeds the § 1332 jurisdictional limit. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue.").

[3] *See also Coleman v. Unum Group Corp.*, 2015 WL 5284366, *4 (S.D. Ala. Sept. 9, 2015) ("counsel for plaintiffs still have ethical obligations that entitle defendants (and courts) to assume plaintiffs' counsel are being honest and competent when they demand a sum certain below the jurisdictional threshold"); *Banks v. Social Service Coordinators, Inc.*, 2010 WL
(Continued)

Defendants posit that plaintiff's counsel's representations are not entitled to deference or a presumption of truth in this case for two reasons. First, defendants point out that the amount in controversy must be measured as of the date of removal, and that post-removal developments cannot divest the court of jurisdiction that properly existed as of the date of removal. *See, e.g., Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("we note that for purposes of this challenge ... the critical time is the date of removal.... If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *Poore v. American–Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000) ("events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction"). Second, defendants assert that Southern Tank's counsel's representations about valuation are unworthy of credence because (i) Southern Tank's own invoices show that it demanded payment of more than $126,000 and (ii) plaintiff's last and final settlement offer was $80,000.

After careful consideration, the Court finds that defendants' attempts to discredit plaintiff's counsel's valuation representations are unpersuasive. With regard to timing, the law is clear that post-removal developments are properly considered where they shed light on the amount in controversy at the time of removal. *See Pretka*, 608 F.3d at 772-73; *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.*, 651

---

3947041, *4 (S.D. Ala. Oct. 6, 2010) ("This Court presumes that plaintiff's counsel has acted in good faith in assessing ***this*** plaintiff's damages, understands the implications of his representations, and is engaging in no deception."); *Holmes v. Kabco Builders, Inc.*, 2007 WL 841686, *2 (S.D. Ala. Mar. 15, 2007) ("Where, as here, a plaintiff specifically pleads a damages amount below the jurisdictional threshold, the Eleventh Circuit has found that such a pleading deserves deference and a presumption of truth.") (citation and internal quotation marks omitted); *McGinty v. Dunn*, 2010 WL 5175122, *2 (M.D. Ga. Nov. 30, 2010) ("Generally, the court should defer to the value the plaintiff places on his claim."); *Bernstein v. JP Morgan Chase & Company*, 2009 WL 10699864, *2 (S.D. Fla. Aug. 4, 2009) ("when made in good faith, the amount in controversy claimed by the plaintiff is controlling").

F. Supp.2d 1279, 1282 (S.D. Ala. 2009). Thus, where a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal. The Duke Affidavit and plaintiff's counsel's representations in the remand filings are not properly characterized as altering jurisdictional facts about the amount in controversy, but rather as clarifying what Southern Tank intended when it pleaded in the Complaint that it was demanding judgment in the amount of $74,500. Such clarification is entirely proper and permissible. As for the invoices and settlement demands, no legal principle requires a plaintiff to sue for the full amount of unpaid invoices or the full amount of pre-litigation settlement demands.[4] Southern Tank characterizes the settlement negotiations as mere "posturing" that "ended before said matter was turned over to the undersigned attorney for litigation," and that from the moment counsel became involved, "[i]t was, is, and always has been the position of the Plaintiff … that said claim and amount in dispute is less than" $74,500. (Doc. 17, at 1.) Under the circumstances, defendants have failed to overcome the presumption that plaintiff's counsel's representations to this Court as to the value of Southern Tank's claims at the time of removal are true, valid, and entitled to deference.

The point is straightforward: Regardless of what may have happened earlier, from the time the Complaint was filed until the present, Southern Tank's counsel has steadfastly, consistently hewed to the premise that its claims against K & M and Burrow are for no more than $74,500. This fact is reflected in the *ad damnum* provisions of the Complaint, as well as in counsel's representations to this Court as an officer of the court. Such representations and valuations will not be cavalierly swept aside merely because Southern Tank could have demanded more in the Complaint or because it may have engaged in puffing and gamesmanship in pre-litigation settlement negotiations. This is not a case in which plaintiff is seeking to manipulate the value of its claims post-removal in order to illuminate a path back to state court;

---

[4] Defendants have made no showing that Southern Tank's settlement proposals furnished specific information to support those demands or otherwise consisted of something beyond mere puffing and posturing. *See, e.g., Nationwide Property and Cas. Ins. Co. v. Dubose*, 180 F. Supp.3d 1068, 1072 (S.D. Ala. 2016) (explaining that the "utility of [settlement] demands in the jurisdictional analysis varies widely depending on the circumstances"); *Jackson*, 651 F. Supp.2d at 1281 ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.").

rather, this is a case in which plaintiff is remaining consistent in its valuation of its claims and simply clarifying that valuation dating back to the Complaint itself.  As such, the presumption of truth is intact, and defendants have not met their burden of showing that it is more likely than not that the amount in controversy actually exceeds the sum or value of $75,000, so as to support federal jurisdiction.[5]

### III. Conclusion.

For all of the foregoing reasons, the Court finds that federal diversity jurisdiction is lacking because the removing defendants have failed to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  There being no federal subject matter jurisdiction, this action was improvidently removed from state court.  Plaintiff's Motion to Remand (doc. 4) is **granted**, and this action is hereby **remanded** to the Circuit Court of Marengo County, Alabama for further proceedings.

DONE and ORDERED this 14th day of March, 2019.

                                      s/WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE

---

[5] In arguing otherwise, defendants lean heavily on *Miller v. Wal-Mart Stores East, LP*, 2017 WL 5496357 (S.D. Ala. Nov. 16, 2017).  Such reliance is misplaced because *Miller* is readily distinguishable.  In *Miller*, this Court concluded that a defendant could not delay removing an action to federal court based on the complaint's *ad damnum* clause demanding damages of $73,000, after the plaintiff's supplemental discovery responses reflected that she "will claim all damages to which she is entitled," the total of which she listed as $101,533.04. *Id.* at *1.  *Miller* held that "[b]ecause this disclosure was made eight months after suit was filed, any previous failure to disclose did not prevent Wal-Mart from removing the action within the one-year window." *Id.* at *4 (internal marks omitted).  In stark contrast to the *Miller* plaintiff's post-filing inconsistency as to the amount in controversy, Southern Tank has consistently represented since the filing of the Complaint that the value of its claims is below $75,000.  Stated differently, unlike the *Miller* plaintiff, Southern Tank has done nothing since filing the Complaint to discredit or call into question the legitimacy of the $74,500 valuation of its claims as set forth in the pleading itself.  Given this key factual difference, *Miller* does not support defendants' efforts to establish the requisite amount-in-controversy threshold to confer diversity jurisdiction under § 1332.